United States District Court
Southern District of Texas

**ENTERED**

August 10, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LESTER PEREZ SANCHEZ,** | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-755** |
| | § | |
| **UNNAMED RESPONDENT,** | § | |
| Respondent. | § | |

## **ORDER**

Before the Court is Petitioner Lester Perez Sanchez's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" ("§ 2241 Petition").  Dkt. No. 1.  As discussed below, Perez Sanchez's § 2241 Petition does not list a proper respondent.  *See generally id.*

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  The Southern District of Texas applies the immediate custodian rule to habeas petitions involving immigration detainees. *Alexis v. Sessions*, No. H-18-1923 2018, WL 5921017 at \*4 (S.D. Tex. 2018) (Rosenthal, J.) (dismissing "claims against Sessions, Nielsen, Homan, Contreras, and Hartnett" because they were remote supervisory officials, not the petitioner's custodian).  The Court, then, notes that the proper respondent is the custodial officer of the facility where Perez Sanchez is detained.  *See Rumsfeld*, 542 U.S. at 435.

Here, Perez Sanchez does not list a respondent.  Dkt. No. 1 at 1.  Perez Sanchez does state he is held at the El Valle Detention Facility in Raymondville, Texas.  *Id.*  Perez

Sanchez's custodian then, would appear to be the warden of El Valle.  *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining...the custody of the prisoner."); *da Silva v. Nielsen*, 5:18-mc-00932, 2019 WL 1328461 at *6 (S.D. Tex. 2019) (Saldaña, J.) (dismissing petitioner's claims against Nielsen, Bible, Cerna, Vitiello, and Whitaker "because they [were] remote supervisory officials, not [p]etitioner's custodian"); *Cabrera-Hernandez v. Bondi*, 5:25-cv-197, 2025 WL 3684694 at *1 n.1 (S.D. Tex. 2025) (Marmolejo, J.) (noting that the proper respondent was the warden who had custody over petitioner).

Perez Sanchez is **ORDERED** to file an Amended § 2241 Petition that names a proper respondent in accordance with the above discussion.  Perez Sanchez shall file his Amended § 2241 Petition **no later than 21 days from receipt of this Order**.

Perez Sanchez is further **NOTIFIED** that if he fails to comply with the Court's Order, his case may be scheduled for dismissal.  FED. R. CIV. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, F.3d 438, 440 (5th Cir. 2016) (the Court may sua sponte dismiss under Rule 41(b)).

**SO ORDERED.**

**SIGNED** on this **10th** day of **August, 2026,** at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**